UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

JAN 0 6 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO.: 16 CR 006 |
| § | |
| MANUEL EDUARDO ACOSTA § | |
| JORGE ALBERTO PORTILLO HERNANDEZ § | |
| § | |
| Defendants § | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### Conspiracy to Transport Aliens

From on or about December 5, 2015 through December 9, 2015, in the Southern District of Texas and elsewhere, the defendants,

**MANUEL EDUARDO ACOSTA**
**AND**
**JORGE ALBERTO PORTILLO HERNANDEZ,**

did knowingly combine, conspire, confederate and agree with persons known and unknown to the Grand Jury, to commit offenses against the United States, that is: to transport, move or attempt to transport or move undocumented aliens within the United States, in any manner whatsoever, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had entered the United States in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i).

## COUNT TWO
### Conspiracy to Harbor Aliens

From on or about December 5, 2015 through December 9, 2015, in the Southern District of Texas and elsewhere, the defendants,

**MANUEL EDUARDO ACOSTA**
**AND**
**JORGE ALBERTO PORTILLO HERNANDEZ,**

did knowingly combine, conspire, confederate and agree with persons known and unknown to the Grand Jury, to commit offenses against the United States, that is: to conceal, harbor, and shield from detection, and to attempt to conceal, harbor, and shield from detection, undocumented aliens, in any place, including any building or any means of transportation, knowing and in reckless disregard of the fact that such aliens had come to, entered, and remained in the United States in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), Section 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i).

## COUNTS THREE, FOUR, AND FIVE
### Harboring Aliens

From on or about December 5, 2015 through December 9. 2015, in the Southern District of Texas and elsewhere, the defendants,

**MANUEL EDUARDO ACOSTA**
**AND**
**JORGE ALBERTO PORTILLO HERNANDEZ,**

knowing and in reckless disregard of the fact that certain aliens had come to, entered and remained in the United States in violation of law, conceals, harbors, and shields from detection such aliens within the United States in any place, including any building and any means of

transportation, for the purpose of commercial advantage and private financial gain, as set forth in Counts Three, Four and Five below:

| Count | Alien Name |
|---|---|
| 3 | Elda Madal Fuentes=De Leon |
| 4 | Mary Eugenia Perez Villanuevae |
| 5 | Meri Mardoth Medina-Cruz |

In violation of Title 8, United States Code, Section 1324 (a)(I)(A)(iii).

## COUNT SIX
### Possession of a firearm by an illegal alien
### (Title 18 U.S.C. §922(g)(5)(A))

From on or about December 5, 2015 through December 9. 2015, in the Houston Division of the Southern District of Texas, the defendant,

**JORGE ALBERTO PORTILLO HERNANDEZ,**

who, being an alien that is illegally and unlawfully in the United States, did knowingly possess in and affecting interstate and foreign commerce, a firearm, namely a Interarms, .38 caliber revolver, manufactured in Brazil by Rossi Firearms, SN:W178854, which had previously been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

### NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(6); 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c))

The United States gives notice to defendants,

**MANUEL EDUARDO ACOSTA**
**AND**
**JORGE ALBERTO PORTILLO HERNANDEZ,**

that in the event of conviction of any of the offenses charged in Counts One through Five of this Indictment, the following property is subject to forfeiture:

(1) all conveyances, including vessels, vehicles, and aircraft, used in the commission of the offense(s) pursuant to 18 U.S.C. § 982(a)(6);

(2) all real and personal property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense(s) pursuant to 18 U.S.C. § 982(a)(6);

(3) all real and personal property used to facilitate, or intended to be used to facilitate, the commission of the offense(s) pursuant to 18 U.S.C. § 982(a)(6); and

(4) all conveyances, including vessels, vehicles, and aircraft, used in the commission of the offense(s) and all property traceable to such conveyances pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c); and

(5) all gross proceeds of the offense(s) and all property traceable to such proceeds pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c).

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), the United States hereby gives notice to the defendant,

**JORGE ALBERTO PORTILLO HERNANDEZ,**

that in the event of conviction of the offense charged in Count Six, all firearms and ammunition involved in or used in such offense are subject to forfeiture.

## Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

1. Interarms by Rossi Firearms, .38 Caliber revolver Serial Number: W178854, manufactured in Brazil by Rossi Firearms; and

2. 5 Winchester brand .38 caliber cartridges ammunition, manufactured in Alton, Illinois.

## Money Judgment

Defendants are notified that in the event of conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as

incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

Original Signature on File
-------------------------------
FOREPERSON

KENNETH MAGIDSON
United States Attorney

By: _____
HAYS JENKINS, JR.
Assistant United States Attorney